*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DANA GILROY, et al., | : | CIV. NO. 22-5894 (RMB-SAK) |
| Plaintiffs, | : | |
| v. | : | **OPINION** |
| ROBERT NOLAN, et al., | : | |
| Defendants. | : | |

RENÉE MARIE BUMB, Chief United States District Judge

# I. INTRODUCTION

On October 5, 2022, Defendants Robert Nolan, Warden of the Cape May County Correctional Facility, and Cape May County, removed this action from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. CPM-153-22. (Notice of Removal, Docket No. 1-1).  The complaint is brought by four plaintiffs against four identified defendants and 40 John Doe defendants, based on incidents that allegedly occurred in Cape May Correctional Facility in Mays Landing, New Jersey on or about May 9, 2020 and thereafter. (Compl., Docket No. 1-4 at 11.) The complaint contains twelve counts. Plaintiffs generally allege Defendants violated their constitutional and civil rights, but the complaint only specifically mentions the New Jersey Constitution and the New Jersey Law Against Discrimination. Plaintiffs also raise claims that sound in state tort law. Plaintiffs do not cite to the United States Constitution or 42 U.S.C. § 1983.  Although the complaint mentions the Prison Rape Elimination Act, a federal law, there is no private cause of action under that statute.

*See Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017) (referring to Prison Rape Elimination Act and stating that a plaintiff "may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim.")

Shortly after the complaint was filed, Plaintiffs' counsel submitted a letter to the Court, requesting that the Court reject the notice of removal, among other reasons, because no federal law claims were alleged in the complaint. (Letter, Docket No. 2). This Court denied Plaintiffs' letter request without prejudice because Plaintiff did not file a formal motion for remand under 28 U.S.C. § 1447.

This matter now comes before the Court upon the parties' status reports regarding their efforts at consenting to remand. (Docket Nos. 4, 5.) Defendants Robert Nolan and Cape May County would agree to execute a Stipulation of Dismissal without Prejudice under F.R.C.P. 41(a)(1)(A)(i). (Docket No. 4). Plaintiffs would prefer that the Court dismiss without prejudice for failure to prosecute because no action has been taken in this matter for 90 days. (Docket No. 5.) To achieve the result the parties desire and manage this Court's docket, this Court will: (1) direct the Clerk of Court to file a copy of the complaint in a new civil action, and remand that action to state court pursuant to 28 U.S.C. § 1447(c); and (2) dismiss this action without prejudice for failure to prosecute, after issuing a Notice of Call for Dismissal under Local Civil Rule 41.1(a).[1]

---

[1] Local Civil Rule 41.1, Dismissal of Inactive Cases, provides:

> (a) Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken herein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on

## II. DISCUSSION

The following discussion applies to the duplicate action to be opened by the Clerk of Court for purposes of remand. "[F]ederal courts have a continuing responsibility to raise the issue of subject matter jurisdiction *sua sponte* whenever it is in question." *Shabi v. mLogica, Inc.*, No. CV 22-049 (BRM), 2022 WL 2161609, at *2 (D.N.J. May 3, 2022), *report and recommendation adopted,* No. 222CV00049BRMJBC, 2022 WL 2161474 (D.N.J. June 15, 2022) (citing Fed. R. Civ. P. 12(h)(3); *see also Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002)). "Further, a Court shall remand an action removed from state court where it appears that the Court lacks subject matter jurisdiction." (*Id.*, citing 28 U.S.C. § 1447(c)). Plaintiffs, who are represented by counsel, have not specifically raised any civil rights claims under 42 U.S.C. § 1983, and they specifically invoke only the New Jersey Constitution in alleging violation of their constitutional and civil rights. In a letter to the Court, Plaintiffs' counsel disclaimed raising any federal law claims in the complaint. (Letter, Docket No. 2.) Therefore, the Court finds that it lacks federal subject matter over the complaint. Pursuant to 28 U.S.C. § 1447(c), this Court must remand the action to state court.

## III. CONCLUSION

For the reasons discussed above, this Court will issue a notice of call for dismissal under Local Rule 41.1(a) in this action; and direct the Clerk to file a duplicate

> notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party. Notice shall be provided by the Clerk of either action contemplated above under sub-paragraphs (1) and (2) to counsel, their client(s) and/or unrepresented persons who have appeared.

complaint in a new civil action, and remand the new action to state court pursuant to 28 U.S.C. § 1447(c).

An appropriate Order follows.

**Date:** February 8, 2023

               s/Renée Marie Bumb
               **RENÉE MARIE BUMB**
               **Chief United States District Judge**